WOODMANSEE, Guard. v. SCHIFF et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2765. Decided June 28, 1926

923. PLEADING—1. Where petition asks for money damages, it is an action in law and words used usually in equity pleading will not convert same into an equitable action, as a court must strike from a pleading all surplusage, leaving only the material and essential facts.

2. Plaintiff in such case is entitled to trial by jury.

BUCHWALTER, P. J.

D. D. Woodmansee, as the guardian of Cordelia Bollin, filed a petition wherein he stated that Bollin bought property and in part consideration of the price assumed two mortgages. Thereafter the holder of the first mortgage filed an action in foreclosure upon which action a decree was entered and the property sold.

Prior to the day of sale Bollin entered into an agreement with Esther Schiff and Nathan Schiff, husband and wife, by the terms of which the property was to be taken in the name of Esther Schiff and that they were to manage and control same, any profits therefrom to be applied towards the payment of principal and interest upon the money apquired for the purchaser of the property at sheriff sale.

Woodmansee's petition futrher says the Schiffs were to account to Bollin for the rents collected until they all mutually agreed on a sale. The proceeds were to be applied to the payment of the mortgages and the note paid to Bollin.

Rents were collected but no accounting ever made; and the Schiffs sold the property in fee simple, have rendered no account. It was claimed that the reasonable value of the house at the time of sale was $9000 and damages were prayed for in the sum of $6000.

The case was heard in the Hamilton Common Pleas and the following entry appears, "This cause coming on for hearing upon application of the defendants herein for hearing of this cause by the court and dispensing with the services of the jury herein, and the arguments of counsel, and the court being fully advised finds that said motion is well taken and hereby grants the same, on the grounds that it is not a jury case. To which plaintiff accepts."

Judgment was entered for Schiff and error was prosecuted, it being contended that the court erred in considering the case as an equity case and dispensing with a jury. The Court of Appeals held:

1. An action for the recovery of money as a debt or as damages is essentially an action at law and cannot be converted into a suit in equity.

2. The mere use of words and phrases usually found in pleadings in equitable actions, no matter how often repeated or in what manner used cannot change an exclusively law action into one in equity.

3. The essential and material averments of the petition will be scrutinized, and the pleadings stripped of all surplus and immaterial statements; and examined to ascertain the essential character of the action.

4. This action is purely one at law for damages for breach of contract and the court erred in denying Woodmansee the right of trial by jury.

Judgment reversed and cause remanded.

Attorneys—D. D. Woodmansee for Woodmansee; Dorger & Dorger for Schiff et; all of Cincinnati.